**FILED**
**Dec 17, 2018**
**04:12 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| **LANDON JOHNSON,** | ) | **Docket No. 2017-08-0367** |
| **Employee,** | ) | |
| **v.** | ) | |
| **LOOMIS ARMORED,** | ) | **State File No. 94100-2016** |
| **Employer,** | ) | |
| **and** | ) | |
| **ACE AMERICAN INS. CO.,** | ) | **Judge Amber E. Luttrell** |
| **Carrier.** | ) | |

---

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This matter came before the Court after remand from the Appeals Board on Loomis Armored's Motion for Summary Judgment. For the reasons below, the Court holds Loomis is entitled to summary judgment.

### Procedural History

Mr. Johnson worked for Loomis as an armed guard. He alleged injuries from a December 5, 2016 work incident. He claimed back and neck injuries from pushing a heavy cart of coins.

Loomis provided authorized treatment for Mr. Johnson's back with Dr. Fereidoon Parsioon, his panel-selected physician. Mr. Johnson informed Dr. Parsioon of his pre-existing history of back injuries, which included a 2015 back surgery. Following a review of his medical records and diagnostic studies, Dr. Parsioon concluded that the new MRI indicated no anatomic change in his spine and contained "exactly the same findings at L5/S1 that were present in 2015." He concluded that Mr. Johnson's back problem was unrelated to his work injury. He did not believe he needed further neurosurgical intervention and placed him at maximum medical improvement with a zero-percent impairment rating. Based on Dr. Parsioon's opinion, Loomis denied further medical and temporary disability benefits. Thus, Mr. Johnson sought treatment with unauthorized providers for his back and neck.

1

Following an expedited hearing, the Court entered an order denying benefits. Specifically, the Court determined Dr. Parsioon provided the only medical proof addressing medical causation for Mr. Johnson's back and concluded his condition was unrelated to work. Absent countervailing medical proof, the Court held he was not likely to prevail at trial in proving his back condition arose primarily out of and in the course and scope of his work. Regarding his neck, the Court held Mr. Johnson did not introduce any evidence to support his claim of injury; thus he did not meet his burden of showing he was likely to succeed in establishing his work injury was the primary cause of his neck condition.

Following the expedited hearing, the Court held a status hearing where Mr. Johnson informed the Court that he is still treating. He indicated he sought treatment at an emergency room because he does not have health insurance to see a physician. Because Mr. Johnson had not completed medical treatment for his alleged injuries, the Court held the parties were not ready to set the deadlines included in a scheduling order and reset the status hearing.

Loomis then filed its Motion for Summary Judgment, Statement of Undisputed Facts, Memorandum in Support, and requested a hearing. At a subsequent status hearing, Mr. Johnson again informed the Court that he was still seeking treatment.

Mr. Johnson did not file a response to Loomis' Statement of Undisputed Facts as required by Rule 56. However, he filed a response opposing summary judgment. He attached a record from Dr. Gary Felsberg, a Board-certified neuro radiologist, who reviewed and compared his MRI studies. Dr. Felsberg provided no causation opinion in the report.

On September 6, 2018, this Court denied summary judgment and held that ruling on the merits of the motion before Mr. Johnson completed medical treatment and before he was subject to the deadlines of a scheduling order would be unjust to Mr. Johnson and would frustrate the purpose of Tennessee Compilation Rule & Regulations 0800-02-21-.13 governing scheduling hearings. Loomis filed a timely appeal, and the Appeals Board vacated this Court's order and remanded it for consideration on the merits.

**Loomis' Motion**

Loomis argued Mr. Johnson cannot satisfy his burden of proof that his injury arose primarily out of and the in the course and scope of his employment. It attached an affidavit from Dr. Parsioon, the authorized treating physician, that confirmed his opinion that Mr. Johnson's back and neck problems "are not causally related to his stated on the job injury of December 5, 2016, but are related to a pre-existing condition which was present less than a month prior to the stated work injury as indicated in Dr. Schroerlucke's medical record of November 11, 2016."

Loomis contended it is entitled to summary judgment. It cited *Beecher v. McKesson Corp.*, 2017 Tenn. Wrk. Comp. App. Bd. LEXIS 41 (July 21, 2017), and *Payne v. D and D Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 21 (May 4, 2016), for the proposition that summary judgment is appropriate when an employee fails to produce expert medical proof of causation that counters an employer's proof to the contrary.

Regarding Dr. Felsberg's record, Loomis argued that the record does not contain sworn testimony from him to overcome a motion for summary judgment. Moreover, it argued that the record fails to contain any opinion causally relating Mr. Johnson's MRI findings to his work injury.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, Loomis must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Johnson's claim, or (2) demonstrate that Mr. Johnson's evidence is insufficient to establish an essential element of his claim. *See* Tenn. Code Ann. § 20-16-101 (2018); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Loomis is successful in meeting this burden, Mr. Johnson must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, at 265.

Mr. Johnson filed a response opposing Loomis' motion for summary judgment; however, he failed to meet the requirement of Rule 56 by responding to Loomis' statement of undisputed material facts. Therefore, the Court finds the facts are undisputed and turns to the issue of whether under Rule 56 summary judgment is "appropriate."

The Court finds Loomis successfully negated the essential element of medical causation. Dr. Parsioon unequivocally concluded in his affidavit that Mr. Johnson's alleged back and neck injuries did not arise out of his work injury, but instead are related to a pre-existing condition. As the panel-selected authorized treating physician, Dr. Parsioon's causation opinion is afforded a presumption of correctness. *See* Tenn. Code Ann. §50-6-102(14)(E)(2018). Moreover, Mr. Johnson failed to produce any expert medical evidence to support his allegation that his back and neck injuries arose primarily out of his employment.

In responding to Loomis' motion, Mr. Johnson must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in his favor[.]" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Further, he must do more than simply offer hypothetical evidence; he must produce

3

evidence at this summary judgment stage of the case that is sufficient to establish the essential elements of his workers' compensation claim. *Id.* at 265.

Here, Mr. Johnson produced no material facts to lead the Court to find in his favor. Instead, he submitted a radiology record from Dr. Feldsberg and argued that he believed his current condition arose out of his work injury and that Dr. Parsioon was not credible.

Although the Court is aware of Mr. Johnson's sincerely held belief that his back and neck conditions arose primarily out of his work injury at Loomis, his lay opinion alone is legally insufficient to refute Dr. Parsioon's conclusions. Further, the Court finds Dr. Feldsberg's radiology record fails to provide any sworn causation opinion to counter Dr. Parsioon's opinion. Regarding the employee's burden to provide medical proof, the Appeals Board held:

> In cases . . . where an employer has presented expert medical proof that the employee's condition is not work-related, the employee must present expert medical proof that the alleged injury is causally related to the employment when the case is not "obvious, simple [or] routine." While lay testimony may be probative on the issue of causation, it is insufficient to meet an employee's burden of proof in the absence of medical evidence.

*Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10 (May 18, 2017) (internal citations omitted).

Accordingly, Loomis' Motion for Summary Judgment is granted, and Mr. Johnson's claim is dismissed with prejudice.

The costs of this cause are taxed to Loomis under Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07 to be paid within five days of this order becoming final. Loomis shall prepare and submit the SD-2 for this matter within ten days of the date of this order. Absent appeal, this order shall become final thirty days after entry.

**IT IS SO ORDERED.**

**ENTERED December 17, 2018.**

_____
**Judge Amber E. Luttrell**
**Court of Workers' Compensation Claims**

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on December 17, 2018.

| Name | First Class Mail | Via Email | Service Sent To: |
|---|---|---|---|
| Landon Johnson, Self-represented Employee | X | X | Landon.johnson@ymail.com 4041 Barron Ave., Memphis, TN 38111 |
| Dale Thomas, Esq., Employer's Attorney | | X | dthomas@raineykizer.com |

**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**

5